# MAHER & PITTELL, LLP
### ATTORNEYS AT LAW

*Reply To:*                                                                          *Long Island Office*
**42-40 Bell Blvd, Suite 302**                                      **10 Bond St, Suite 389**
**Bayside, New York 11361**                                     **Great Neck, New York 11021**
**Tel (516) 829-2299**                                                  **Tel (516) 829-2299**
*jp@jpittell.com*                                                                  *jp@jpittell.com*

February 9, 2023

Hon. Richard J. Sullivan
U.S. Court of Appeals for the Second Circuit
500 Pearl St.
Room 2530
New York, New York 10007

Re:    Second Habeas Petition
       *U.S. v. Johnson* 11 cr 487 (RJS); *Johnson v. U.S.* 15 civ 3956 (RJS)

Because the Second Circuit in *Savoca* remanded the case to the district court, and any appeal from the district court's decision on remand is, at this point, hypothetical, Johnson's motion to stay is DENIED. Johnson shall reply to the government's opposition to his successive habeas petition by February 24, 2023.

SO ORDERED.
February 10, 2023

RICHARD J. SULLIVAN
United States Circuit Judge
Sitting by Designation

Dear Judge Sullivan:

I am counsel for John Johnson in the above referenced matter.

Previously, following a jury trial, *inter alia*, Mr. Johnson was convicted of a violation of 18 U.S.C. §924(c). The predicate crimes of violence for this offense were conspiracy to commit Hobbs Act robbery and Attempted Hobbs Act robbery. As I trust your Honor is aware, both of these offenses are no longer valid predicate crimes of violence for §924(c) offenses. See, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) and *United States v. Taylor*, 142 S. Ct. 2015 (2022).

Following the issuance of these Supreme Court rulings, I filed a Successive Habeas Petition (the "Successive Petition"), and supporting Memorandum of Law, on behalf of Mr. Johnson in the above referenced matter. The Successive Petition was filed pursuant to an Order, authorizing its filing, issued by the Second Circuit.

The Government has submitted its opposition to the Successive Petition and my reply is pending.

Previously, prior to the filing of the Successive Petition, the parties jointly requested the filing of the Successive Petition be stayed pending the Second Circuit's decision in *United States* v. *Savoca*, 20-1502. Like the matter at bar, *Savoca* also involved the filing of a successive habeas petition claiming the defendant's §924(c) conviction was now invalid based upon *Davis* and *Taylor*. The issue before the Second Circuit was whether the successive habeas claim asserted in *Savoca* was barred by the gatekeeping provision of 28 U.S.C. §2255(h)(2) which only permits successive habeas petitions to be based upon new rules of constitutional law. In submitting the joint request for the stay of this matter, the parties believed the Second Circuit's ruling in *Savoca* would have direct bearing on the Successive Petition.

The Second Circuit issued a ruling in *Savoca*, 2022 WL 17256392.  However, as it turned out it was not dispositive on the §2255(h)(2) gatekeeping issue presented in *Savoca* and the matter at bar.  The Second Circuit held that record on appeal was insufficient to determine whether the successive petition in *Savoca* fact relied on new rule of constitutional law.  2022 WL 17256392 at *2-3.  As such, the case was remanded to the District Court (SDNY, VB) for a factual determination as to whether the defendant was sentenced under the elements clause or the residual clause of §924(c).  Currently, this determination is pending before Judge Briccetti.

The analysis to be undertaken by Judge Briccetti will mirror the analysis which needs to occur in this case.  Notably in its opposition to the Successive Petition, the Government references the instructions issued by the Second Circuit in *Savoca*.  Due this circumstance, in the interest of judicial economy, I respectfully request the litigation in this matter be stayed pending a final determination of *Savoca*.  Although *Savoca* is now pending in a sister District Court, it is certainly possible that -- regardless of the ruling by Judge Briccetti -- the non-prevailing party may appeal back to the Second Circuit contending the ruling was in error of did not comply with the directives of the *Savoca* remand.  Or, in the alternative, in the event no appeal following remand is taken, the ruling of Judge Briccetti may be insightful and provide a source of persuasive authority.  For these reasons, I seek a stay of this matter pending a final resolution of *Savoca*.

Prior to submission of this letter, I conferred with the Government.  They do not oppose this request.  However, they contend this Court can proceed independent of *Savoca*.

Respectfully submitted,
/s/
Jeffrey G. Pittell

cc: Cecilia Vogel, AUSA